RAINES FELDMAN LLP
Erik S. Syverson (Bar No. 221933)
　　esyverson@raineslaw.com
Steven T. Gebelin (Bar No. 261507)
　　sgebelin@raineslaw.com
1800 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067
Telephone: (310) 440-4100
Facsimile: (310) 691-1943

COHEN TAUBER SPIEVACK & WAGNER P.C.
Kenneth J. Rubinstein (admitted pro hac vice)
　　krubinstein@ctswlaw.com
Jackson S. Davis (admitted pro hac vice)
　　jdavis@ctswlaw.com
420 Lexington Avenue, Suite 2400
New York, New York 10170
Telephone: (212) 381-8745
Facsimile: (212) 586-5095

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PENTHOUSE GLOBAL MEDIA, INC., a Delaware corporation, GENERAL MEDIA COMMUNICATIONS, INC., a New York corporation,<br>　　　　　　Plaintiffs,<br>v.<br>GUCCIONE COLLECTION, LLC, a Delaware limited liability company, JEREMY FROMMER, an individual, RICK SCHWARTZ, an individual, JERRICK MEDIA HOLDINGS, INC., a Nevada corporation, JERRICK VENTURES, INC., a Nevada corporation, JERRICK VENTURES LLC, FILTHY GORGEOUS MEDIA, LLC, PARADOX LLC, a California limited liability company, JARED LETO, an individual, and DOES 1-100, inclusive,<br>　　　　　　Defendants. | Case No.: 2:17-CV-04980-PA (FFMx)<br><br>**DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS AND/OR STAY THE FIRST AMENDED COMPLAINT**<br><br>**Judge: Hon. Percy Anderson**<br>Date: Monday, November 20, 2017<br>Time: 1:30 p.m.<br>Courtroom: 9A<br><br>Complaint Filed:　　July 6, 2017<br>First Am. Cmplt. Filed:　Aug. 30, 2017 |

## **TABLE OF CONTENTS**

Preliminary Statement ................................................................................................1

Argument ....................................................................................................................1

    I.    The Material Submitted on the Motion is Appropriately Considered by the Court ........................................................................1

    II.    The First to File Rule Warrants Dismissal and/or Stay of this Action .............................................................................................3

    III.    Plaintiffs Fail to Overcome Their Lack of Standing.............................6

    IV.    Plaintiffs' Claims Are Barred, in Part, by the Applicable Statutes of Limitations ......................................................................6

    V.    There is No Basis for Any Claims Against the Individual Defendants............................................................................................6

    VI.    The Settlement Agreement Applies to the Parties and Claims in this Action.........................................................................8

    VII.    Plaintiffs' Claim for Unfair Competition Fails..................................10

    VIII.    The Declaratory Relief Claim Should be Dismissed as Duplicative ........................................................................................10

Conclusion ................................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*B & B Hardware, Inc. v. Hargis Indus. Inc.*,
  135 S. Ct. 1293, 1305-06 (2015) .................................................................. 5

*Boulware v. Dept. of Ins.*,
  CV 09-4325-DMB (E), 2010 WL 1873292, at *8 (C.D. Cal. Jan. 28, 2010) ............................................................................................................ 8

*Columbia Cas. Co. v. Cottage Health System*,
  CV1503432DDPAGRX, 2015 WL 4497730, at *2 (C.D. Cal. July 17, 2015) .................................................................................................. 9

*Consumerinfo.com, Inc. v. Chang*,
  CV 09-3783-VBF(MANX), 2009 WL 10675736, at *2 (C.D. Cal. Dec. 31, 2009) .......................................................................................... 7

*Coto Settle. v. Eisenberg*,
  593 F.3d 1031, 1038 (9th Cir. 2010) .............................................................. 2

*Dichter-Mad Fam. Partners, LLP v. U.S.*,
  707 F. Supp. 2d 1016, 1052 (C.D. Cal. 2010), *aff'd,* 709 F.3d 749 (9th Cir. 2013) .................................................................................... 8

*Eldorado Stone, LLC v. Renaissance Stone, Inc.*,
  04CV2562 JM LSP, 2005 WL 5517732, at *8 (S.D. Cal. May 31, 2005) ........................................................................................................ 8

*Geibel v. Sears, Roebuck and Co.*,
  86 F.3d 1162 (9th Cir. 1996) ........................................................................ 10

*Indep. Taxi Owners Assn. v. Pub. Livery Ins. Servs. Inc.*,
  CV085199GHKAGRX, 2008 WL 11338187, at *1 (C.D. Cal. Sept. 30, 2008) ................................................................................................ 2

*Inherent.com v. Martindale-Hubbell*,
  420 F. Supp. 2d 1093 (N.D. Cal. 2006) ......................................................... 4

*Kealy v. Alterra Excess & Surplus Ins. Co.*,
  CV 13-8656-JFW (JCX), 2013 WL 12147591 (C.D. Cal. Dec. 20, 2013) ...................................................................................................... 5

*Levya v. Certified Grocers of Cal. Ltd.*,
   593 F.2d 857, 863 (9th Cir. 1979) ................................................................... 3

*Microchip Tech., Inc. v. Motorola, Inc.*,
   CIV.A. 01-264-JJF, 2002 WL 32332753, at *3-4 (D. Del. May
   28, 2002) ........................................................................................................ 5

*Nextdoor.Com, Inc. v. Abhyanker*,
   C-12-5667 EMC, 2013 WL 3802526, at *8 (N.D. Cal. July 19,
   2013) .............................................................................................................. 2

*PETA, Inc. v. Beyond the Frame, Ltd.*,
   CV 10-07576 MMM SSX, 2011 WL 686158, at *2 (C.D. Cal.
   Feb. 16, 2011) ................................................................................................ 4

*Rhodes v. Avon Prods., Inc.*,
   504 F.3d 1151 (9th Cir. 2007) ....................................................................... 5

*Sensible Foods, LLC v. World Gourmet, Inc.*,
   11-2819 SC, 2012 WL 566304, at *4 (N.D. Cal. Feb. 21, 2012) .................. 2

*V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas LLC*,
   No. 2:14-CV-02961 (TLN) (CKD), 2016 WL 1268008, *4–6
   (E.D. Cal. Mar. 31, 2016) .............................................................................. 4

*Wallerstein v. Dole Fresh Vegetables, Inc.*,
   967 F. Supp. 2d 1289, 1296 (N.D. Cal. 2013) .............................................. 4

*Willis Corroon Corp. of Utah, Inc. v. United Capitol Ins. Co.*,
   97-2208 MHP, 1998 WL 30069, at *3 (N.D. Cal. Jan. 5, 1998) ............. 2, 9

Defendants[1] submit this reply memorandum in further support of their motion to dismiss the FAC or, in the alternative, stay this action pending a determination by the TTAB.

**Preliminary Statement**

In opposition, Plaintiffs fail to offer any reasonable basis upon which this action should proceed before this Court. Plaintiffs ignore the Court's power to dismiss or stay actions where there is a prior pending action before an administrative body concerning the same core facts and issues, as well as its inherent discretion to manage its own docket -- especially in light of the bad faith conduct exhibited by Plaintiffs which they do not challenge. Beyond that, Plaintiffs offer meritless arguments that they have standing to pursue claims related to OMNI and that they are somehow permitted to ignore an unambiguous precondition to suit against Defendants.

Finally, Plaintiffs merely repeat conclusory allegations in support of claims against the Individual Defendants which are insufficient to sustain any claim for relief against them.

Accordingly, this action should be dismissed outright or, at a minimum, stayed pending resolution of the TTAB Proceeding.

**Argument**

**I.     The Material Submitted on the Motion is Appropriately Considered by the Court**

In support of their motion, Defendants submitted (i) filings from the TTAB Proceeding, (ii) records from bankruptcy court proceedings, and (iii) a settlement agreement between Guccione Collection and General Media. Plaintiffs apparently contend that the Court may not consider these documents because they are "extrinsic

---

[1] Capitalized terms used herein shall have the same meaning as in Defendants' Memorandum in Support of the Motion to Dismiss and/or Stay, Docket No. 34-1 (the "Moving Brief" or "Moving Br.").

evidence."[2]  Plaintiffs are wrong.

*First*, as noted in the Moving Brief, publicly available court and TTAB filings may be considered on the motion. *See, e.g.*, *Nextdoor.Com, Inc. v. Abhyanker*, C-12-5667 EMC, 2013 WL 3802526, at *8 (N.D. Cal. July 19, 2013) ("[C]ourts 'may take judicial notice of court filings and other matters of public record,' the state court, and TTAB filings are the proper subject of judicial notice here."); *Sensible Foods, LLC v. World Gourmet, Inc.*, 11-2819 SC, 2012 WL 566304, at *4 (N.D. Cal. Feb. 21, 2012).

*Second*, the Court may consider material incorporated by reference to the FAC on a motion to dismiss. *See, e.g.*, *Indep. Taxi Owners Assn. v. Pub. Livery Ins. Servs. Inc.*, CV085199GHKAGRX, 2008 WL 11338187, at *1 (C.D. Cal. Sept. 30, 2008) ("We may properly consider [a document submitted on a motion to dismiss] because it was incorporated by reference in the complaint and no party disputes its authenticity."); *Coto Settle. v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("We have extended the doctrine of incorporation by reference to consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance."). The FAC explicitly references filings in the 2013 Action (FAC ¶ 22) and before the TTAB (FAC ¶¶ 30-31) which were submitted as part of the motion. Further, the FAC also explicitly references the 2013 Action, which allows for the introduction of the settlement agreement in that case. (FAC ¶ 22) *See, e.g.*, *Willis Corroon Corp. of Utah, Inc. v. United Capitol Ins. Co.*, 97-2208 MHP, 1998 WL 30069, at *3 (N.D. Cal. Jan. 5, 1998).

Consequently, all of the documents submitted by Defendants may be

---

[2]  Tellingly, Plaintiffs fail to identify exactly which documents they consider to be "extrinsic" to the motion.

considered by the Court in determining the motion.³

## II. The First to File Rule Warrants Dismissal and/or Stay of this Action

As set forth in the Moving Brief, this action should be dismissed and/or stayed in favor of the TTAB Proceeding, which was commenced over a year before this action (and which may have been fully submitted to the TTAB for consideration but for the bad faith actions by Weintraub and Penthouse). (*See* Moving Br. at pp. 8-12)  Plaintiff's opposition is notable in that it did not contest, let alone address, *any* of the facts presented relating to the TTAB Proceeding—including that Weintraub delayed the TTAB Proceeding for months under the guise of settlement negotiations—acknowledging their bad faith conduct that should not be rewarded with opening another litigation front here before the TTAB proceeding concludes.

Plaintiffs contend that the first-to-file rule is inapplicable, though they neither dispute that the TTAB Proceeding was commenced over a year before this action nor that the parties and core issues are the same in both proceedings.  Rather, Plaintiffs argue that certain claims in this action are different than before the TTAB. (Pltfs. Br. at pp. 15-16, n. 1)

Plaintiffs' argument that the first-to-file rule only applies to district court proceedings is without legal support.  The Ninth Circuit has held that district courts can defer to previously filed actions "whether the separate proceedings are judicial, administrative, or arbitral in character." *Levya v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).  It is of no moment that this doctrine is typically invoked in first-filed federal actions.  And, Plaintiffs cite no authority supporting their position that the doctrine does *not* apply to proceedings before administrative bodies, such as the TTAB.

Further, as noted in the moving brief, the first-to-file rule does not require

---

³ Because the Court may properly consider these documents on the motion, conversion of the motion to one for summary judgment is not necessary or warranted. (*Contra* Pltfs. Br. at p. 14)

complete identity of issues, and applies even if the subsequently filed claim asserts additional claims. *See, e.g.*, *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1296 (N.D. Cal. 2013) ("The issues need not be precisely identical for the first-to-file rule to apply; the rule can apply even if the later-filed action brings additional claims."); *accord Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093 (N.D. Cal. 2006); *see also PETA, Inc. v. Beyond the Frame, Ltd.*, CV 10-07576 MMM SSX, 2011 WL 686158, at *2 (C.D. Cal. Feb. 16, 2011) (holding that "Courts in the Ninth Circuit have adopted a flexible approach in evaluating the similarity of the parties and issues," and collecting cases finding that the rule only requires a substantial overlap of issues).

     A simple review of the FAC and what was filed in the TTAB Proceeding reveal that the core issues regarding the OMNI rights are virtually identical and that resolution of these issues before the TTAB will serve the interests of judicial efficiency. (*See* Moving Br. at pp. 10-11) The suggestion that the "the validity of Penthouse's OMNI trademarks" is only a minor aspect of this action (Pltfs. Br. at pp. 15-16) is disingenuous and ignores that Plaintiffs' ability to assert the majority of their claims herein completely depends on whether they validly hold rights to OMNI.

     Plaintiffs cannot combat that judicial efficiency will be promoted by the dismissal or stay of this action in favor of the TTAB Proceeding, as the TTAB (which has particular expertise in trademark issues) can efficiently resolve the parties' trademark disputes and either streamline or completely eliminate the bulk of the claims here.[4] *See, e.g.*, *V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas LLC*, No. 2:14-CV-02961 (TLN) (CKD), 2016 WL 1268008, *4–6 (E.D. Cal. Mar. 31, 2016) (staying district court trademark infringement action in its infancy in favor

---

[4] Plaintiffs concede *sub silentio* that they will suffer no prejudice as a result of a stay.

of the determination in a TTAB proceeding and appeal therefrom); *Microchip Tech., Inc. v. Motorola, Inc.*, CIV.A. 01-264-JJF, 2002 WL 32332753, at *3-4 (D. Del. May 28, 2002) (staying action, in the interests of judicial efficiency, pending resolution of trademark issues by the TTAB, despite the fact that the TTAB previously stayed its proceeding in favor of a determination by the district court). And, as acknowledged by Plaintiffs, the TTAB's determination on trademark issues gives preclusive effect to the District Court's consideration of the same issues. *See B & B Hardware, Inc. v. Hargis Indus. Inc.*, 135 S. Ct. 1293, 1305-06 (2015).

In support of their argument, Plaintiffs reference *Rhodes v. Avon Prods., Inc.*, 504 F.3d 1151 (9th Cir. 2007) which did not even consider the first-to-file rule that is at issue here; rather, it denied a motion to dismiss based on the primary jurisdiction doctrine which is only applied in limited circumstances. Similarly, Plaintiff's attempt to distinguish *Kealy v. Alterra Excess & Surplus Ins. Co.*, CV 13-8656-JFW (JCX), 2013 WL 12147591 (C.D. Cal. Dec. 20, 2013) on the basis that there was a "substantial overlap of the factual issues" between the two actions, ignoring that is precisely the situation here.

Finally, the suspension of the TTAB Proceeding is not dispositive of dismissal or stay of this action. *See* TBMP § 510.02(b) ("[I]f, as sometimes happens, the court before which a civil action is pending elects to suspend the civil action to await determination of the Board proceeding and the Board is so advised, the Board will go forward with its proceeding."). Indeed, as per its standard policy, TTAB merely suspending the proceeding because of a pending action before the Court. The Court certainly has the authority to dismiss or stay this action in favor of the TTAB Proceeding, which is especially appropriate based on Weintraub's and Penthouse's conduct.

Accordingly, this action should be dismissed or stayed in favor of the TTAB Proceeding.

### III. Plaintiffs Fail to Overcome Their Lack of Standing

As noted in the Moving Brief, Plaintiffs lack standing to assert any claims related to OMNI because Weintraub transferred her purported rights to a dissolved Wyoming entity, rendering such transfer void *ab initio*. (Moving Br. at pp. 12-13) Plaintiffs concede the facts regarding the status of the Wyoming entity at the time of transfer, but assert that their rights are valid because the entity (Alpha Cygni) was subsequently reinstated (*after* this action was commenced and *after* Defendants raised this point to the TTAB). They rely on the fact that Wyoming provides that restatement of a corporation "relates back to and takes effect as of the effective date of the administrative dissolution." However, the fact that a corporation may operate as if the dissolution never occurred in no respect serves to ratify actions taken while the entity was dissolved. (*See* Moving Br. at p. 12 n.11) Plaintiffs cite no authority to the contrary. (Indeed, they fail to address this point in their brief.)

### IV. Plaintiffs' Claims Are Barred, in Part, by the Applicable Statutes of Limitations

In opposition, Plaintiffs concede that their copyright infringement, false advertising, and unjust enrichment claims are time-barred to the extent they relate to Defendants' purported actions more than three years prior to the commencement of this action. (Pltfs. Br. at pp. 20-22) Plaintiffs' assertion that their claims are predicated solely on actions taken within the past two years is belied by the numerous allegations in the FAC concerning Defendants' supposedly infringing conduct dating back to 2013. (*See, e.g.* FAC at ¶¶ 20-22, 30-31)

Consequently, these claims should be dismissed to the extent they relate to conduct that occurred outside the limitations period.

### V. There is No Basis for Any Claims Against the Individual Defendants

Plaintiffs fail to offer anything more than conclusory allegations against the Individual Defendants which cannot sustain any claim for relief.

*First*, Plaintiffs fail to offer anything even remotely connecting Leto to any alleged infringement. Plaintiffs rely solely on the allegation that Leto entered into a transaction with Jerrick Media (through his entity, Paradox[5]). Standing alone, this allegation fails to state any cognizable claim for relief against Leto. (*See* Moving Br. at pp. 16-17)

Similarly, the claims against Frommer and Schwartz should be dismissed because the FAC fails to allege any specific, non-conclusory allegations that they were the "active, conscious forces" behind any infringement. (*See* Moving Br. at pp. 14-16) In opposition, Plaintiffs contend they can assert claims against Frommer because he obtained the physical materials they claim have been infringed. (Pltfs. Br. at pp. 22) However, Plaintiffs allege in the FAC that, after purchasing the items, Frommer assigned them to Guccione Collection. (FAC ¶ 19) That Frommer received a notice of purported infringement in 2013 is therefore of no consequence, and, in any event, ignores that this same notice was provided to Guccione Collection. (FAC ¶ 20)

Further, Plaintiffs' claim that Frommer and Schwartz "commenced plans to publish an infringing online magazine in 2013" (Pltfs. Br. at pp. 22) is wholly conclusory and ignores that such any such infringement (assuming it happened) was committed by Jerrick.

Moreover, Plaintiffs fail to allege that Frommer and Schwartz "authorized, directed, actively participated in, or was the guiding spirit behind the alleged infringing activity," as required to sustain any claims against them in their individual capacity. *See, e.g.*, *Consumerinfo.com, Inc. v. Chang*, CV 09-3783-VBF(MANX), 2009 WL 10675736, at *2 (C.D. Cal. Dec. 31, 2009).

Finally, Plaintiffs essentially concede that they have failed to allege sufficient

---

[5] By their silence, Plaintiffs also concede that they have failed to allege any viable claim for relief against Paradox or Filthy Gorgeous. (*See* Moving Br. at pp. 16-17)

factual allegations to establish liability under an "alter ego" theory and therefore, request permission to amend their pleading, *for a second time*. (Pltfs. Br. at pp. 23-24) Plaintiffs fail to offer any rationale or basis for another amendment, aside from the vague claim that evidence on alter ego liability is in Defendants' hands. (Pltfs. Br. at pp. 23-24) This does not suffice. *See, e.g.*, *Eldorado Stone, LLC v. Renaissance Stone, Inc.*, 04CV2562 JM LSP, 2005 WL 5517732, at *8 (S.D. Cal. May 31, 2005) ("Conclusory allegations, standing alone, may indicate that the plaintiff is engaged in a fishing expedition. . . . Plaintiffs' conclusory allegations that these individual defendants are the alter ego of Renaissance are insufficient as a matter of law."); *Dichter-Mad Fam. Partners, LLP v. U.S.*, 707 F. Supp. 2d 1016, 1052 (C.D. Cal. 2010), *aff'd,* 709 F.3d 749 (9th Cir. 2013) ("[I]t is important to remember that the Rule 8 pleading requirements prevent parties from filing complaints in order to conduct aimless fishing expeditions in the hope that some helpful evidence might possibly be uncovered.").

Finally, any request for further amendment should be denied as futile, as Plaintiffs have not articulated how they could possibly remedy the deficiencies with the FAC. *See, e.g., Boulware v. Dept. of Ins.*, CV 09-4325-DMB (E), 2010 WL 1873292, at *8 (C.D. Cal. Jan. 28, 2010) (denial of leave to amend appropriate where amendment would be futile).

Consequently, the claims against the Individual Defendants should be dismissed.

## VI. The Settlement Agreement Applies to the Parties and Claims in this Action

Plaintiffs concede that they did not comply with the terms of the Guccione Collection-General Media Settlement Agreement. They claim that the agreement does not bar their claims because "Penthouse's alleged failure to exhaust contractual remedies before filing does not appear on the face of the FAC." Plaintiffs are wrong. The FAC alleges that, as part of the bankruptcy action between Guccione

Collection and General Media, "[b]oth the complaint and counterclaim were later mutually dismissed without prejudice and no ruling on the merits of any of the claims or counterclaims." (FAC ¶ 22) Courts have dismissed similar cases on this basis alone. *See, e.g.*, *Willis Corroon Corp*, 1998 WL 30069, at *2-4 (considering settlement agreement on a motion to dismiss, and holding that the "motion to dismiss procedure may be used to enforce settlement agreement terms which prescribe procedures for or limitations on further litigation, and courts have interpreted such agreements to establish bars to the maintenance of a civil action").

Plaintiffs reference *Columbia Cas. Co. v. Cottage Health System*, CV1503432DDPAGRX, 2015 WL 4497730, at *2 (C.D. Cal. July 17, 2015) for the proposition that, if the failure to exhaust non-judicial remedies is not clear from the face of the complaint, then the defendant must move for summary judgment, not a motion to dismiss. Yet, in *Columbia Casualty Co.*, the court actually dismissed a complaint for failure to adhere to the ADR clause in an agreement that was incorporated by reference in the complaint. *See id.* at *2 ("The complaint does not allege that Plaintiff abided by the ADR clause in filing the action; nor, indeed, has Plaintiff argued otherwise. That Plaintiff has not exhausted the non-judicial remedies required by the contract is therefore apparent on the face of the complaint."). The same should apply here.

Plaintiffs' argument that the clause "have at least one meeting of principals . . . to try to resolve the matter to filing a lawsuit" is ambiguous and not a condition precedent (Pltfs. Br. at 25) is similarly without merit. The language of the Settlement Agreement is clear:

> in the event that either Party believes it has a claim against the other, the Parties must take commercially reasonable efforts to have at least one meeting of principals, which may be by telephone, to try to resolve the matter prior to filing a lawsuit. Any such request for a meeting must be in writing.

If the Court were to determine this clause is *not* a condition precedent, it would render it a nullity. *See, e.g.*, *Geibel v. Sears, Roebuck and Co.*, 86 F.3d 1162 (9th

Cir. 1996) ("We do not find the language of the agreement to be reasonably susceptible to this interpretation for several reasons. First, such an interpretation would violate one of the cardinal rules of contractual interpretation by rendering the prerequisites to the tolling provision an effective nullity.").

Plaintiffs also note that the Settlement Agreement is silent as to whether Guccione Collection could continue to use *Caligula* (Pltfs. Br. at pp. 26), but this is exactly the point. The parties were actively litigating the rights to *Caligula* and settled the matter without any provision curtailing its supposedly infringing use (and Plaintiffs never pursued any such claims). (*See* Moving Br. at pp. 18)

Moreover, the argument that "any effort to confer with Guccione Collection would have been futile" because Guccione Collection is a dissolved entity is without merit. By its terms, the Settlement Agreement inures to Guccione Collection's "beneficiaries, parents, affiliates, subsidiaries, directors, officers, partners, owners, agents, servants, employees, administrators, representatives, attorneys, successors and assigns," which Plaintiffs acknowledge includes Jerrick.

Consequently, this action should be dismissed because Plaintiffs failed to comply with a necessary precondition to suit contained in the Settlement Agreement.

## VII. Plaintiffs' Claim for Unfair Competition Fails

Plaintiffs' claim for unfair competition fails because the FAC fails to allege, as required, injury to competition beyond the purported impact on Plaintiffs. (*See* Moving Br. at pp. 18) In opposition, Plaintiffs merely note that trademark infringement claims are a type of unfair competition, yet they fail to cite any support that this pleading requirement is somehow waived when it is a claim for unfair competition stemming from trademark infringement.

## VIII. The Declaratory Relief Claim Should be Dismissed as Duplicative

Plaintiffs contend that the claim for declaratory relief is not duplicative because there is a *possibility* that Defendants may or may not "assert competing

rights in an alleged OMNI REBOOT trademark." (Pltfs. Br. at pp. 27) However, whether Penthouse has rightful claims to the OMNI Marks necessarily determines whether Jerrick has competing rights to the proposed OMNI REBOOT mark (which proposed registration was rejected by the USPTO due to the OMNI registration). If it is determined -- whether by this Court or the TTAB -- that Plaintiffs are the rightful holders of the OMNI Marks, Jerrick has no claim to OMNI REBOOT (which has not even been registered as a trademark). Therefore, the claim for declaratory relief is clearly duplicative of the other claims for relief and should be dismissed.

## Conclusion

Based on the foregoing, the FAC should be dismissed in its entirety, or, in the alternative, stayed pending resolution of the TTAB Proceeding. Alternatively, Defendants request that the Court: (1) dismiss claims related to Omni based on Plaintiffs' lack of standing; (2) dismiss claims for copyright infringement, false advertising, unjust enrichment, and unfair competition based on the applicable statutes of limitations; (3) dismiss the claims against the Individual Defendants (Frommer, Schwartz, and Leto) and against Filthy Gorgeous Media LLC and Paradox LLC for failure to state a claim for relief; (4) dismiss the FAC for failure to comply with the Guccione Collection-General Media Settlement Agreement; (5) dismiss the unfair competition claims (the Sixth and Seventh Claims for Relief) for failure to state a claim for relief; and (6) dismiss the claim for declaratory relief (the Ninth Claim for Relief) as duplicative, together with such other and further relief as the Court may deem just and proper.

DATED: November 6, 2017          Respectfully submitted,

**RAINES FELDMAN, LLP**

By: _/s/ Steven T. Gebelin_

Steven T. Gebelin
Erik S. Syverson

**COHEN TAUBER SPIEVACK & WAGNER P.C.**

Kenneth J. Rubinstein (admitted *pro hac vice*)
Jackson S. Davis (admitted *pro hac vice*)

*Attorneys for Defendants*