SYVERSON, LESOWITZ & GEBELIN LLP
Erik S. Syverson (Bar No. 221933)
erik@syversonlaw.com
Steven T. Gebelin (Bar No. 261507)
steven@syversonlaw.com
2029 Century Park East, Suite 2910
Los Angeles, California 90067
Telephone: (310) 341-3072
Facsimile: (310) 341-3070

COHEN TAUBER SPIEVACK & WAGNER P.C.
Kenneth J. Rubinstein (admitted pro hac vice)
krubinstein@ctswlaw.com
Jackson S. Davis (admitted pro hac vice)
jdavis@ctswlaw.com
420 Lexington Avenue, Suite 2400
New York, New York 10170
Telephone: (212) 381-8745
Facsimile: (212) 586-5095

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PENTHOUSE GLOBAL MEDIA, INC., a Delaware corporation, GENERAL MEDIA COMMUNICATIONS, INC., a New York corporation,<br><br>Plaintiffs,<br><br>v.<br><br>GUCCIONE COLLECTION, LLC, a Delaware limited liability company, JEREMY FROMMER, an individual, RICK SCHWARTZ, an individual, JERRICK MEDIA HOLDINGS, INC., a Nevada corporation, JERRICK VENTURES, INC., a Nevada corporation, JERRICK VENTURES LLC,<br><br>Defendants. | Case No.: 2:17-CV-04980-PA (FFMx)<br><br>**DEFENDANTS' ANSWER TO THE SECOND AMENDED COMPLAINT** |

{00345580.DOCX; 4}       DEFENDANTS' ANSWER TO THE SECOND AMENDED COMPLAINT

Defendants Guccione Collection, LLC, Jeremy Frommer, Rick Schwartz, Jerrick Media Holdings, Inc., Jerrick Ventures, Inc., and Jerrick Ventures LLC (collectively, "Defendants," unless otherwise noted), by and through their counsel, Syverson, Lesowitz, and Gebelin LLP, and Cohen Tauber Spievack and Wagner P.C., for their Answer to the Second Amended Complaint (the "Complaint") state as follows:

1. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Defendants deny the allegations contained in paragraph 3 of the Complaint.

4. Defendants admit that Frommer is a United States citizen residing in New Jersey, and admit that Frommer is the Chief Executive Officer of Jerrick Media Holdings, Inc. and a member of Jerrick Ventures, LLC.  Defendants deny the remainder of the allegations contained in paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in paragraph 6 of the Complaint.

7. Defendants deny the allegations contained in paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in paragraph 8 of the Complaint.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in paragraph 10 of the Complaint.

11. As paragraph 11 of the Complaint merely states legal conclusions, no response is necessary.

12. To the extent paragraph 12 of the Complaint states legal conclusions, no response is necessary. Defendants otherwise deny the allegations of wrongdoing alleged in paragraph 12.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint except admit that, upon information and belief, Guccione was the founder of Penthouse magazine and the Penthouse brand who died in 2010.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and refer to the USPTO with respect to any filings purportedly made.

15. Defendants admit that Frommer purchased a storage facility in Englewood, New Jersey at auction, which included items formerly belonging to Guccione, and otherwise deny the characterizations and allegations contained in paragraph 15 of the Complaint.

16. Defendants admit the allegations contained in paragraph 16 of the Complaint.

17. Defendants refer to the referenced letter for the contents thereof and otherwise deny any allegations of wrongdoing alleged in paragraph 17 of the Complaint.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. Defendants refer to the referenced documents for the contents thereof and admit that the claims were dismissed pursuant to a settlement agreement entered

into by the parties to that proceeding and refer to the settlement agreement for the terms thereof.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, except deny that Plaintiffs are the rightful owners of any of the noted trademarks.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, except admit that, upon information and belief, Guccione was one of the founders of OMNI, and state that, to the extent paragraph 23 states legal conclusions, no response is necessary.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and state that, to the extent paragraph 24 states legal conclusions, no response is necessary.

25. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, except deny that Plaintiffs are the rightful owners of the noted trademarks or the goodwill associated with such marks.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28.   Defendants refer to the referenced filings for the contents therein and admit that a proceeding was commenced before TTAB in which proceeding, among other things, Defendants seek to cancel the OMNI Mark.

29.   Defendants deny the allegations contained in paragraph 29 of the Complaint.

30.   Defendants deny the allegations contained in paragraph 30 of the Complaint and refer to the referenced documents for the contents thereof.

31.   Defendants refer to the referenced sites for the contents therein and otherwise deny the allegations contained in paragraph 31 of the Complaint.

32.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, except deny any allegations of wrongdoing.

33.   As paragraph 33 of the Complaint merely repeats prior allegations, no response is necessary.

34.   Paragraph 34 of the Complaint states a legal conclusion as to which no response is necessary; to the extent a response is necessary, Defendants deny that Plaintiffs are the rightful owner of any of the referenced copyrights.

35.   Defendants refer to the referenced complaint for the contents thereof, and otherwise deny the allegations contained in paragraph 35 of the Complaint.

36.   Defendants admit that they provided access to the *Caligula* film on Vimeo.com and otherwise deny the allegations contained in paragraph 36 of the Complaint.

37.   Paragraph 37 of the Complaint states a legal conclusion as to which no response is necessary and Defendants otherwise deny the allegations contained in paragraph 37 of the Complaint.

38.   Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. As paragraph 44 of the Complaint merely repeats prior allegations, no response is necessary.

45. Paragraph 45 of the Complaint states a legal conclusion as to which no response is necessary; to the extent a response is necessary, Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint states a legal conclusion as to which no response is necessary; to the extent a response is necessary, Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. Paragraph 46 of the Complaint states legal conclusions as to which no response is necessary; to the extent a response is necessary, Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. As paragraph 55 of the Complaint merely repeats prior allegations, no response is necessary.

56. Defendants deny the allegations contained in paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. As paragraph 60 of the Complaint merely repeats prior allegations, no response is necessary.

61. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. As paragraph 67 of the Complaint merely repeats prior allegations, no response is necessary.

68. Defendants deny the allegations contained in paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in paragraph 71 of the Complaint

72. Defendants deny the allegations contained in paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in paragraph 75 of the Complaint.

76. As paragraph 76 of the Complaint merely repeats prior allegations, no response is necessary.

77. Defendants deny the allegations contained in paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. As paragraph 82 of the Complaint merely repeats prior allegations, no response is necessary.

83. Defendants deny the allegations contained in paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in paragraph 84 of the Complaint.

85. As paragraph 85 of the Complaint merely repeats prior allegations, no response is necessary.

86. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint.

87. Defendants deny the allegations contained in paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in paragraph 90 of the Complaint.

91. As paragraph 91 of the Complaint merely repeats prior allegations, no response is necessary.

92. As paragraph 92 merely states a conclusion of law, no response is necessary.

93. Defendants admit that there is an actual controversy regarding the parties' rights with respect to the OMNI Marks.

94. Defendants refer to the referenced filings for the contents therein and otherwise deny the allegations contained in paragraph 94 of the Complaint.

95. Defendants refer to the referenced filing for the statements therein.

96. Defendants refer to the referenced filing for the statements therein.

97. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the Complaint.

98. As paragraph 98 of the Complaint merely repeats prior allegations, no response is necessary.

99. Defendants deny the allegations contained in paragraph 99 of the Complaint.

100. Defendants deny the allegations contained in paragraph 100 of the Complaint.

101. Defendants deny the allegations contained in paragraph 101 of the Complaint.

102. Defendants deny the allegations contained in paragraph 102 of the Complaint.

103. Defendants deny the allegations contained in paragraph 103 of the Complaint.

104. As paragraph 104 of the Complaint merely repeats prior allegations, no response is necessary.

105. Defendants deny the allegations contained in paragraph 105 of the Complaint.

106. Defendants deny the allegations contained in paragraph 106 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of equitable estoppel.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or part, by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to comply with the dispute resolution procedures set forth in the Settlement Agreement between Guccione Collection, LLC, FriendFinder Networks, Inc., and General Media Communications, Inc., dated March 31, 2014.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or part, by the applicable statutes of limitation.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or part, because they failed to mitigate their damages, if any.

**WHEREFORE**, the Second Amended Complaint should be dismissed in its entirety, together with such other and further relief as this Court may deem just and proper.

Dated: January 16, 2018

**SYVERSON, LESOWITZ & GEBELIN LLP**

By:  */s/ Steven T. Gebelin*

Steven T. Gebelin
Erik S. Syverson

**COHEN TAUBER SPIEVACK & WAGNER P.C.**

Kenneth J. Rubinstein (admitted *pro hac vice*)
Jackson S. Davis (admitted *pro hac vice*)

*Attorneys for Defendants*